# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRAMBLIT,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00058-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 17] |

Plaintiff James Cramblit is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed September 26, 2017.

There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). This action is proceeding on a claim under the Americans with Disabilities Act for exclusion of a job position based solely on his disability, and Plaintiff has thoroughly set forth his allegations in the complaint. Plaintiff contends that his classification as a participant in the Developmental Disability Program has rendered him unable to effectively prosecute this action. While Plaintiff has presented documentation that he is a participant in the Developmental Disability Program, the Court does not find that the exceptional factors necessary to justify appointment of counsel exist in this case, at the present time. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In addition, Plaintiff's current motion demonstrates that Plaintiff understands the process and how to file documents. The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted, even if such filings are done with the assistance of other inmates and/or prison officials. In addition, the likelihood of success on the merits is not yet clear at this stage of the proceedings. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

///

///

"may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **September 28, 2017**

UNITED STATES MAGISTRATE JUDGE