**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CRAMBLIT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-00058-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS<br><br>[ECF Nos. 16, 17] |

　　　　Plaintiff James Cramblit is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff consented to United States Magistrate Judge jurisdiction on December 27, 2016. (ECF No. 7.) To date, Defendants have not consented or declined to United States Magistrate Judge jurisdiction.

　　　　On April 19, 2017, the Court found that Plaintiff's second amended complaint stated a cognizable claim under the Americans with Disabilities Act against Defendants R. Fisher, Jr. and the California Department of Corrections and Rehabilitation. (ECF No. 17.) The Court dismissed all other Defendants for failure to state a cognizable claim for relief. (Id.) The Court indicated that

1

jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss Defendants R. Chavez, S. Torres, C. Guerrero, N. Gonzalez, K. Toor and K.J. Allen in its April 19, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claim against Defendants R. Fisher, Jr. and California Department of Corrections and Rehabilitation, and that Defendants R. Chavez, S. Torres, C. Guerrero, N. Gonzalez, K. Toor, and K.J. Allen be dismissed, for the reasons explained herein.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

///
///

2

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names R. Chavez, ADA Coordinator at Valley State Prison (VSP), S Torres, Custody Appeals Coordinator at VSP, C. Guerrero, Health Care Appeals at VSP, N. Gonzalez, Health Care Compliance at VSP, Doctor K. Toor, Health Care Representative at VSP, R. Fisher, Warden at VSP, and the California Department of Corrections and Rehabilitations (CDCR), as Defendants.

Plaintiff is an ADA recipient because of his developmental disability and is housed in an enhanced outpatient program at VSP. Plaintiff is being denied the ability to obtain a higher functioning job assignment even though he is qualified solely because he is an ADA recipient.

Plaintiff submitted a reasonable accommodation request form on June 14, 2016, which was denied based on medical data that was ten years old. Plaintiff requests monetary damages and a court order.

## III.

## DISCUSSION

**A.     Americans with Disabilities Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons.

Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.") "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cnty., 609 F.3d at 1022.

The ADA authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" Pennsylvania Dep't of Corr., 524 U.S. at 210. "To recover monetary damages under Title II of the ADA …, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

"In suits under Title II of the ADA … the proper defendant usually is an organization rather than a natural person…. Thus, as a rule, there is no personal liability under Title II." Roundtree v. Adams, No. 1:01-cv-06502-OWW-LJO, 2005 WL 3284405 (E.D. Cal. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

4

Plaintiff must name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Haw. Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

At the pleading stage, Plaintiff's allegation that he was excluded from a job position he was otherwise qualified for solely because of his disability supports a cognizable claim under the ADA. Under the circumstances alleged, the proper Defendants are the California Department of Corrections and Warden R. Fisher at VSP in his official capacity only. All other individual Defendants must be dismissed from the action as they are all individuals employed at VSP.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Americans with Disabilities Act claim against Defendants R. Fisher, Jr. and the California Department of Corrections and Rehabilitation;

2. Defendants R. Chavez, S. Torres, C. Guerrero, N. Gonzalez, K. Toor, and K.J. Allen be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///

///

///

may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE