UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRAMBLIT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 1:17-cv-00058-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS<br><br>(Doc. No. 16, 17, 29) |

　　　　Plaintiff James Cramblit is a state prisoner proceeding pro se and *in forma puaperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), plaintiff consented to the jurisdiction of a United States Magistrate Judge on December 27, 2016. Local Rule 302. To date, defendants have not consented to or declined to consent to magistrate judge jurisdiction.

　　　　On April 19, 2017, the assigned magistrate judge found that plaintiff's second amended complaint stated a cognizable claim under the Americans with Disabilities Act against Defendants R. Fisher, Jr. and the California Department of Corrections and Rehabilitation. (Doc.

1

No. 17.) The magistrate judge dismissed all other defendants for failure to state a cognizable claim for relief. (*Id.*) The magistrate judge indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared in this action. (*Id.*)

On July 11, 2017, defendants filed an answer to the complaint. (Doc. No. 21.) On July 20, 2017, the court issued the discovery and scheduling order. (Doc. No. 22.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge lacked jurisdiction to dismiss the above-described claims by way of the April 19, 2017 order. Therefore, on December 1, 2017, the magistrate judge issued findings and recommendations recommending that this action proceed against defendants R. Fisher, Jr. and the California Department of Corrections and Rehabilitation on plaintiff's claim under the Americans with Disabilities Act and that all other defendants be dismissed for failure to state a cognizable claim for relief. The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. No objections were filed and the time period to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of plaintiff's case. In his second amended complaint, plaintiff alleges that regardless of his status and whether EOP inmates have been cleared for dining hall and kitchen positions or not, "the fact remains that no EOP inmates, including ADA recipients, will be assigned to these particular jobs, canteen, laundry, or dining hall, and it has been this way for the past two years or more on 'A' facility." (Doc. No. 16 at 3.) The undersigned agrees that plaintiff has stated a cognizable claim for relief under the Americans with Disabilities Act because his request for reasonable accommodation for a position he was qualified for was denied because of his status as an EOP inmate and the decision was based on medical information that was ten years old. As such, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The December 1, 2017 findings and recommendations are adopted in full;
2. This action shall continue to proceed against Defendant R. Fisher, Jr. and the California Department of Corrections and Rehabilitation on plaintiff's claim under the Americans with Disabilities Act; and
3. All other defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 5, 2018**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE